**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT**

IBRAHIM ABDUL-HAKEEM, ET AL.,,

Plaintiffs,

v.

71 FOUNTAIN TERRACE CONDOMINIUM ASSOCIATION, INC., ET AL.,

Defendants.

CIVIL ACTION NO.: 3:25-CV01536-KAD

Date: December 15, 2025

**DEFENDANT, 71 FOUNTAIN TERRACE CONDOMINIUM ASSOCIATION, INC.'S, ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT DATED DECEMBER 1, 2025**

To the extent that the Introduction of Plaintiffs' First Amended Complaint dated December 1, 2025 sets forth a summary of the nature of Plaintiffs' claims, it does not require a response, but to the extent said paragraph contains any allegations, Defendant, 71 Fountain Terrace Condominium Association, Inc. (hereinafter "Defendant"), denies all such allegations and further deny any and all liability to Plaintiffs.

**JURISDICTION**

1. Paragraph 1 calls for a legal conclusion to which no response is required. To the extent that a response is required, the Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the matter asserted and, therefore, leave Plaintiffs to their proof.

2. Paragraph 2 calls for a legal conclusion to which no response is required. To the extent that a response is required, the Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the matter asserted and, therefore, leave Plaintiffs to their proof.

**PARTIES**

3. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 3 and, therefore, leave Plaintiffs to their proof.
4. It is admitted that Defendant provides governance of the property known as 71 Strawberry Hill Avenue, Stamford, CT 06902 ("Premises") and that Defendant owns, operates, and manages the common areas of the Premises.
5. Paragraph 5 is admitted.

**FACTS**

6. It is admitted that Adam Elgert is a real person who at times relevant to the instant complaint was the owner of record of 71 Strawberry Hill, Unit #606, Stamford, CT 06902. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and, therefore, leaves Plaintiffs to their proof.

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

7. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 7 and, therefore, leave Plaintiffs to their proof.
8. It is admitted that the unit owned by Adam Elgert is a one-bedroom unit of approximately 725 square feet. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the remaining allegations contained in Paragraph 8 and, therefore, leaves Plaintiffs to their proof.
9. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 9 and, therefore, leave Plaintiffs to their proof.
10. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 10 and, therefore, leave Plaintiffs to their proof.
11. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 11 and, therefore, leave Plaintiffs to their proof.
12. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 12 and, therefore, leave Plaintiffs to their proof.

13. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 13 and, therefore, leave Plaintiffs to their proof.

14. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 14 and, therefore, leave Plaintiffs to their proof.

15. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 15 and, therefore, leave Plaintiffs to their proof.

16. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 16 and, therefore, leave Plaintiffs to their proof.

17. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 17 and, therefore, leave Plaintiffs to their proof.

18. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 18 and, therefore, leave Plaintiffs to their proof.

19. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 19 and, therefore, leave Plaintiffs to their proof.

20. It is admitted that per the rules and regulations and bylaws in existence in September 2023, occupancy was limited to two persons per bedroom. The remaining allegations contained within Paragraph 20 are denied.

21. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 21 and, therefore, leave Plaintiffs to their proof.

22. Paragraph 22 calls for a legal conclusion to which no response is required. To the extent that a response is required, the Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the matter asserted and, therefore, leave Plaintiffs to their proof.

23. Paragraph 23 calls for a legal conclusion to which no response is required. To the extent that a response is required, the Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the matter asserted and, therefore, leave Plaintiffs to their proof.

24. Paragraph 24 calls for a legal conclusion to which no response is required. To the extent that a response is required, denied.

25. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 25 and, therefore, leave Plaintiffs to their proof.

26. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 26 and, therefore, leave Plaintiffs to their proof.

27. Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the allegations contained within Paragraph 27 and, therefore, leave Plaintiffs to their proof.

28. Paragraph 28 calls for a legal conclusion to which no response is required. To the extent that a response is required, the Defendant lacks knowledge or information sufficient with which to form a belief as to the truth of the matter asserted and, therefore, leave Plaintiffs to their proof.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 calls for a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 31 are denied.

**COUNT I: VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3601 ET SEQ. – DISPARATE TREATMENT AS TO FOUNTAIN TERRACE**

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

32. Defendant hereby incorporates the responses set forth in Paragraphs 1 through 31 by reference as if specifically set forth herein.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

**COUNT II: VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3601 ET SEQ. – DISPARATE IMPACT AS TO FOUNTAIN TERRACE**

35. Defendant hereby incorporates the responses set forth in Paragraphs 1 through 34 by reference as if specifically set forth herein.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 calls for a legal conclusion to which no response is required. To the extent that a response is required, denied.

39. Paragraph 39 is denied.

**COUNT III: VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3601 ET SEQ. – DISPARATE TREATMENT AS TO DEFENDANT ELGERT**

The undersigned Defendant does not respond to the allegations of this count as they are not directed against it. However, to the extent said paragraphs contains any allegations, Defendant, 71 Fountain Terrace Condominium Association, Inc., denies all such allegations and further deny any and all liability to Plaintiffs.

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

**COUNT IV: VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3601 ET SEQ. – DISPARATE IMPACT AS TO DEFENDANT ELGERT**

The undersigned Defendant does not respond to the allegations of this count as they are not directed against it. However, to the extent said paragraphs contains any allegations, Defendant, 71 Fountain Terrace Condominium Association, Inc., denies all such allegations and further deny any and all liability to Plaintiffs.

**COUNT V: VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. § 3604 (c) DISCRIMINATORY STATEMENTS AS TO DEFENDANT ELGERT**

The undersigned Defendant does not respond to the allegations of this count as they are not directed against it. However, to the extent said paragraphs contains any allegations, Defendant, 71 Fountain Terrace Condominium Association, Inc., denies all such allegations and further deny any and all liability to Plaintiffs.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

By way of first affirmative defense, Defendant states that Plaintiffs fail to state a claim against the undersigned Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSES**

By way of second affirmative defense, Defendant states that Plaintiffs claims are barred by the statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

By way of third affirmative defense, Defendant states that Plaintiffs have failed to mitigate and/or minimize their damages.

**FOURTH AFFIRMATIVE DEFENSES**

By way of fourth affirmative defense, Defendant states that if Plaintiffs were injured and/or damaged as alleged, or at all, that said injury and damage was not the result of any acts or omissions by the undersigned Defendant.

DEFENDANT,
71 FOUNTAIN TERRACE
CONDOMINIUM ASSOCIATION, INC.

By: /s/ *Megan H. DeFrank ct31507*

Cristin E. Sheehan
cesheehan@morrisonmahoney.com
ct26207
Megan H. DeFrank
mdefrank@morrisonmahoney.com
ct31507
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
Phone: 860-616-4441
Fax: 860-244-3800

9

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104744481.v1

**CERTIFICATION**

I hereby certify that on this same date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Megan H. DeFrank ct 31507*________
Megan H. DeFrank

10

MORRISON MAHONEY LLP• COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441• JURIS NO. 404459

104744481.v1
