UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Ibrahim Abdul-Hakeem & <br> Rosemary Abdul-Hakeem | : | Civil Action No.: 3:25-CV-1536 |
| *Plaintiffs* | : | |
| v. | : | |
| 71 Fountain Terrace Condominium Association, Inc. | : | |
| *Defendant* | : | January 30, 2026 |

## REPORT OF PARTIES' PLANNING MEETING
## PURSUANT TO FED. R. CIV. P. 26(F)

Complaint Filed: September 15, 2025

Complaint Served on Defendant 71 Fountain Terrace Condominium Association, Inc. Appearance: September 19, 2025

Complaint Served on Defendant Adam Elgert: September 23, 2025

Date of Defendant 71 Fountain Terrace Condominium Association, Inc. Appearance: October 09, 2025

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, counsel for the parties met and conferred by **email and phone and held a phone conference on December 15, 2025.** The participants were Pamela Heller and Adriana Barajas for Plaintiffs Ibrahim Abdul-Hakeem and Rosemary Abdul-Hakeem and Cristin Sheehan and Megan DeFrank for Defendant 71 Fountain Terrace Condominium Association, Inc. (Fountain Terrace).

I. **CERTIFICATION**

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the

parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331.

### B. Personal Jurisdiction

The court has personal jurisdiction with respect to Defendant because it was properly served. Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF THE CASE

### A. Claims of Plaintiffs

Plaintiffs allege Defendant violated the Fair Housing Act, 42 U.S.C. §§ 3604(a), (b) by denying of otherwise making a dwelling unavailable to them and imposing discriminatory terms and conditions on the basis of their familial status. Defendant's actions of maintaining and executing a policy which limits occupancy to no more than two persons for every bedroom in a unit have a disparate impact on families with children. Defendant's actions exclude and limit the housing choices for families with children and do not serve a legitimate business interest.

### B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant

Defendant, 71 Fountain Terrace Condominium Association, Inc. deny the material allegations of Plaintiffs' Complaint. Further, the Complaint fails to state a cause of action upon which relief may be granted. Defendants are also entitled to various defenses, including, but not limited to Plaintiffs' failure to mitigate damages. Defendants also filed affirmative defenses alleging Plaintiffs' claims are barred by the applicable statute of limitations and Plaintiffs' claimed injuries and/or damages as alleged were not the result of any act or omission of Defendant 71 Fountain Terrace Condominium Association, Inc.

IV. **STATEMENT OF UNDISPUTED FACTS**

Undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute and are able to agree to the following:

1. Plaintiffs Ibrahim Abdul-Hakeem and Rosemary Abdul-Hakeem, a married couple, reside in Connecticut with their minor child.
2. Defendant Fountain Terrace governs, manages, and owns and operates the common areas of the property known as 71 Strawberry Hill Avenue, Stamford, CT 06902.
3. Defendant Fountain Terrace is incorporated in the state of Connecticut.
4. At all times alleged in Plaintiffs' Complaint, Defendant Fountain Terrace had a policy at 71 Strawberry Hill Avenue that unit shall have no more than two persons per bedroom.

V. **CASE MANAGEMENT PLAN**

A. **Initial Disclosures**

Initial disclosures will be served by **February 6, 2026.**

B. **Scheduling Conference with the Court**

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).
2. The parties prefer that a scheduling conference, if held, be conducted remotely or by telephone.

C. **Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.
2. The parties request an early settlement conference.
3. The parties prefer a settlement conference with a United States Magistrate Judge.
4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. **Joinder of Parties, Amendment of the Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiffs should be allowed until January 16, 2026, to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in

addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2. Defendant should be allowed until January 30, 2026 to file motions to join additional parties and until February 20, 2026 to file a response to any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E. Discovery**

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

- *Plaintiffs' Position*: The parties are not aware of any unique circumstances at the present time.
- *Defendant's Position:* The parties are not aware of any unique circumstances at the present time.

b. The parties anticipate that discovery will be needed on the following subjects:

- *Plaintiffs' Position*:

- - - Allegations in the Complaint and Defendant's Answer and Defenses including but not limited to Defendant's policies, practices, and communications related to occupancy requirements or limitations.
- *Defendant's Position*:
  - Plaintiffs' claims and allegations in their Revised Complaint
  - Fountain Terrace's affirmative defenses as set forth in its Answer

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by February 27, 2026 and completed (not propounded) by January 29, 2027.

d. Discovery will not be conducted in phases other than as described herein.

e. The parties have attempted to estimate the number of depositions each will take based on the information currently available to them, prior to conducting discovery. Subject to reducing or increasing the number of depositions based on information learned in the discovery process, the parties currently anticipate that Plaintiff will require 4-6 depositions of fact witnesses and that Defendant will require a total of 4-6 depositions of fact witnesses. The parties do not waive any entitlement to take the full number of depositions provided by the Federal Rules. The fact witness depositions may commence February 27, 2026, and will be completed by June 5, 2026.

f. The parties do not anticipate the need to request permission to serve more than 25 interrogatories.

g. The Plaintiffs may call expert witnesses at trial. The Plaintiffs will designate all trial experts and provide the Defendant with reports from retained experts

pursuant to Fed. R. Civ. P. 26(a)(2) by July 31, 2026 and depositions of any such experts will be completed by October 30, 2026. The Defendant may call expert witnesses at trial. The Defendant will designate all trial experts and provide the Plaintiffs with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 4, 2026 and depositions of any such experts will be completed by January 29, 2027.

h. A damages analysis will be provided by any party who has a claim or counterclaim for damages by June 5, 2026.

i. The parties will be available for a Post-Discovery Telephonic Status Conference on February 5, 2027.

j. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up, and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:  Neither party will delete any

electronically stored information that is known or believed to be relevant to any party's claims, and will take reasonable steps to preserve all such information.

 k. Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information.

  i. Plaintiff and Defendant agree to preserve non-electronically stored records (as they may exist). All records since January 1, 2020, shall be preserved

  ii. Storage locations: Parties shall identify the storage location(s) for physical records, the likely contents of those storage location(s), and any issues with accessing those records.

- *Plaintiffs' Position:* Minimal physical records exist related to Plaintiffs.
- *Defendant's Position:* Defendant, 71 Fountain Terrace Condominium Association, Inc., has limited physical records stored in an office room at 71 Strawberry Hill Avenue, Stamford, CT 06902.

 l. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work product protection, including procedures for asserting claims of privilege after production. The parties agree to the following procedures for asserting claims of privilege after production.

  i. Disclosure of information that a party or non-party later claims should not have been disclosed because of a privilege, including but not limited to the

attorney-client privilege or the work product doctrine, shall not constitute a waiver of, or be an estoppel to, any claim of attorney/client privilege, work product immunity, or other ground for withholding disclosure as to which the producing party would be entitled.

ii. Upon discovery by a producing party (or upon receipt of notice from another party) that he, she, or it may have produced privileged information, the producing party shall, within 10 days of such discovery, request the return of such information in writing by identifying the privileged information and stating the basis on which the privileged information should have been withheld from production. After being notified, all other parties must promptly return, sequester, or destroy the privileged information and any copies he, she, or it has of the privileged information; must not use or disclose the information until the claim or protection is resolved; and must take reasonable steps to retrieve the privileged information if he, she, or it has disclosed the privileged information before being notified.

iii. If any party disputes the privilege claim, that party shall notify the producing party in writing of the dispute and the basis therefore within 30 days and thereafter confer in good faith, in person, by video-conferencing or by telephone, regarding the disputed claim. If the parties do not resolve their dispute by agreement, the producing party or the objecting party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the producing party shall submit to the Court under seal

for in camera review a copy of the disputed information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. The producing party must preserve the information claimed to be privileged or protected until the dispute regarding its protected status is resolved.

m. Depositions will be held in person.

### F. Other Scheduling Issues

The parties are not currently aware of additional scheduling needs for addressing other issues pertinent to this case.

### G. Summary Judgment Motions

Any dispositive motions, including motions for summary judgment, will be filed by February 26, 2027. Oppositions to any motions for summary judgment will be filed on or before 60 days after the filing of any such motions.

### H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within thirty (30) days of the Court's ruling on any dispositive motion filed in the case. If no dispositive motions are filed, the Joint Trial Memorandum will be filed within forty-five (45) days of the close of discovery.

## VI. TRIAL READINESS

The case will be ready for trial within forty-five days of the filing of the Joint Trial Memorandum.

**CERTIFICATION:**

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

PLAINTIFFS,
Ibrahim Abdul-Hakeem and Rosemary Abdul-Hakeem

_____/s/_____
Pamela Heller (ct29053)
Connecticut Fair Housing Center
60 Popieluszko Court
Hartford, CT 06106
(860)560-8197/ (860)247-4236 (F)
pheller@ctfairhousing.org

DEFENDANT,
71 Fountain Terrace Condominium Association, Inc.

_____/s/_____
Cristin E. Sheehan
cesheehan@morrisonmahoney.com
ct26207
Megan H. DeFrank
mdefrank@morrisonmahoney.com
ct31507
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
(860)616-4441/ (860)224-3800(F)